Filed 2/3/23  P. v. Gonzales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095585 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F07960) |
| v. | |
| JOSEPH GONZALES, | |
| Defendant and Appellant. | |

In 1997, when defendant Joseph Gonzales was 25 years old, he was sentenced to multiple life terms under the Three Strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)[1]  After a modification in 2000, the total aggregate term of defendant's sentence was 121 years to life.

In 2021, after the law regarding parole of youthful offenders changed, defendant filed a postjudgment motion for a proceeding under *People v. Franklin* (2016) 63 Cal.4th

---

[1]     Undesignated statutory references are to the Penal Code.

1

261 (*Franklin*) to make a record of youth-related evidence for an eventual youth offender parole hearing. The court denied the motion, concluding that defendant is statutorily ineligible for a youth offender parole hearing because he was sentenced under the Three Strikes law.

On appeal, defendant concedes that he is statutorily ineligible for a youth offender parole hearing under section 3051, subdivision (h), and instead advances two new arguments as to why his motion should have been granted. First, he argues the statute's differential treatment of Third Strike offenders violates equal protection. Second, he argues that, as a youthful offender with an indeterminate life sentence, he should have been granted a *Franklin* proceeding even if he is not entitled to a youth offender parole hearing. We reject defendant's equal protection claim, but agree with the latter contention. Thus, we shall reverse the order denying defendant's *Franklin* motion.

FACTUAL AND PROCEDURAL BACKGROUND

In 1994 and 1995, when defendant was between the ages of 21 and 23, he committed four separate robberies using a firearm. Defendant had two prior qualifying convictions within the meaning of the Three Strikes law. In September 1997, the court sentenced defendant as a third strike offender to six consecutive indeterminate life terms (25 years to life) on four counts of robbery (§ 211) and two counts of being a felon in possession of a firearm. (Former § 12021, subd. (a).) The court also imposed four consecutive four-year terms for firearm enhancements (§ 12022.5, subd. (a)), plus a five-year prior serious felony conviction enhancement, for a total aggregate term of 171 years to life. The court subsequently modified defendant's sentence to stay execution of the two unlawful firearm possession counts, leaving the remainder of the sentence intact.

In September 2021, defendant, acting in propria persona, filed a postjudgment motion for a proceeding under *Franklin, supra*, 63 Cal.4th 261 and section 1203.1. Defendant alleged that because he was a " 'youthful offender' " under the age of 26 at the

time of his offense, he was entitled to a *Franklin* proceeding to preserve mitigating youth-related evidence for an eventual youth offender parole hearing under section 3051.

On December 30, 2021, the trial court denied the motion on the ground that defendant is ineligible for a youth offender parole hearing under section 3051, subdivision (h) because he was sentenced under the Three Strikes law. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant challenges the trial court's ruling on two grounds, both of which are raised for the first time in this appeal. First, he contends section 3051 on its face violates equal protection because it irrationally excludes youthful offenders sentenced under the Three Strikes law. Second, he argues that irrespective of his right to a youth offender parole hearing, as a youthful offender with an indeterminate life sentence, he is entitled to a *Franklin* proceeding under section 4801, subdivision (c) to preserve youth-related evidence for his future parole hearing.

### I

### *Forfeiture*

As a preliminary matter, we consider whether defendant forfeited his claims by failing to raise them below. "As a general rule, a party who does not raise an argument below forfeits the argument on appeal. [Citation.]" (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.) The forfeiture rule applies to claims based on alleged statutory violations, as well as the deprivation of constitutional rights. (*In re Seaton* (2004) 34 Cal.4th 193, 198; *People v. McCullough* (2013) 56 Cal.4th 589, 593.) However, application of the rule is not automatic. (*In re Abram L., supra*, at p. 462.) An appellate court has discretion to excuse forfeiture where a case involves an important question of law. (*People v. Espiritu* (2011) 199 Cal.App.4th 718, 725; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1074.)

We invited supplemental briefing from the parties on the forfeiture issue. In their supplemental briefs, both parties argued that we can address the merits of defendant's claims, either because the claim was not forfeited or because the claim presents a pure question of law that is well suited to appellate review. We accept the concession and shall address the merits of the contentions raised on appeal.[2]

## II

### *Equal Protection*

The trial court denied defendant's *Franklin* motion on the ground he is statutorily ineligible for a youth offender parole hearing. On appeal, defendant concedes that he is *statutorily* ineligible for a youth offender parole hearing under section 3051, subdivision (h). But he contends the statutory exclusion of offenders sentenced under the Three Strikes law violates his constitutional right to equal protection of the laws. We find no equal protection violation.

A.     *Legal framework*

In a series of cases addressing limits on juvenile sentencing, the United States Supreme Court has recognized that the Eighth Amendment's prohibition on cruel and unusual punishment "encompasses the 'foundational principle' that the 'imposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children.' [Citation.] From this principle, the high court has derived a number of limitations on juvenile sentencing . . . ." (*Franklin, supra*, 63 Cal.4th at pp. 273-274; see also *People v. Caballero* (2012) 55 Cal.4th 262, 268-269 [Eighth Amendment prohibits de facto sentence of life without parole for juvenile nonhomicide offenders].) "The

---

**2**     In reaching this conclusion, we assume defendant intends to raise only a facial constitutional challenge to the statute. To the extent defendant also intends to raise an "as-applied" challenge to the statute, we deem the claim forfeited due to his failure to raise it below. (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.)

4

underlying rationale of these decisions is that '[b]ecause juveniles have diminished culpability and greater prospects for reform,' as compared to adult offenders, ' "they are less deserving of the most severe punishments." ' [Citation.] [Citation.] Consequently, except in the rarest of circumstances[,] . . . juvenile offenders facing lifelong prison terms must be given a meaningful opportunity to demonstrate their rehabilitation and fitness to reenter society at some point in the future. [Citation.]" (*People v. Delgado* (2022) 78 Cal.App.5th 95, 100 (*Delgado*).)

In response to these court decisions, the Legislature enacted Senate Bill No. 260 (2013-2014 Reg. Sess.) (Senate Bill 260), which added section 3051 and amended sections 3041, 3046, and 4801. (*People v. Sands* (2021) 70 Cal.App.5th 193, 197-198 (*Sands*); *In re Trejo* (2017) 10 Cal.App.5th 972, 980.) The stated purpose of the act was "to establish a parole eligibility mechanism that provides a person serving a sentence for crimes that he or she committed as a juvenile the opportunity to obtain release when he or she has shown that he or she has been rehabilitated and gained maturity . . . ." (Stats. 2013, ch. 312, § 1.)

"At the heart of Senate Bill No. 260, was the addition of section 3051, which requires the [parole board] to conduct a 'youth offender parole hearing' during the 15th, 20th, or 25th year of a juvenile offender's incarceration," depending on the term of the offender's "controlling offense." (*Franklin, supra*, 63 Cal.4th at p. 277.) "By ensuring that those eligible for youth offender parole hearings 'will have a meaningful opportunity for release no more than 25 years into their incarceration' [citation], section 3051 made it unnecessary for courts 'to decide Eighth Amendment challenges to sentences of 25 years or more for a broad range of juvenile homicide and nonhomicide offenses' [citation]." (*In re Woods* (2021) 62 Cal.App.5th 740, 750, review granted June 16, 2021, S268740; *Franklin, supra*, 63 Cal.4th at pp. 276-277, 280-281.)

As originally enacted, section 3051 made youth offender parole hearings available only to juvenile offenders, and it excluded juvenile offenders sentenced to life without the

5

possibility of parole (LWOP). (*People v. Morales* (2021) 67 Cal.App.5th 326, 346.) The Legislature subsequently increased the age threshold, first to 23 years, and then to 25 years, and amended section 3051 to allow parole hearings for juvenile offenders (but not youthful offenders) sentenced to LWOP. (*Ibid*.) As a result, most offenders 25 years of age and younger at the time of their offense are now eligible for a youth offender parole hearing after 15, 20, or 25 years in prison, depending on the sentence. (*Sands, supra*, 70 Cal.App.5th at p. 198; § 3051, subd. (b).) However, section 3051, subdivision (h) provides that certain youthful offenders, including those sentenced under the "One Strike" law (§ 667.61), or the Three Strikes law, are ineligible for youth offender parole hearings. (§ 3051, subd. (h).)

After the enactment of section 3051, our Supreme Court decided *Franklin*, which recognized a right, rooted in the language of section 4801, subdivision (c), for offenders who qualified for a youth offender parole hearing to preserve youth-related mitigating evidence. (*Franklin, supra*, 63 Cal.4th at pp. 283-284.) The goal of such proceeding, the court held, is "to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the [parole board], years later, may properly discharge its obligation to 'give great weight to' youth-related factors (§ 4801, subd. (c)) in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law.' " (*Franklin*, at p. 284.)

In *In re Cook* (2019) 7 Cal.5th 439 (*Cook*), the California Supreme Court extended the right to a *Franklin* proceeding to youthful offenders whose judgments are otherwise final. (*Cook, supra*, at pp. 448-449, 451.) *Cook* further held that the proper avenue for a youthful offender to request a *Franklin* proceeding is through a motion under section 1203.01. (*Cook*, at pp. 446-447; *People v. Benzler* (2021) 72 Cal.App.5th 743, 748 (*Benzler*).)

6

B.     *Analysis*

" ' "In considering a facial constitutional challenge to a statute, we uphold the statute unless its unconstitutionality plainly and unmistakably appears; all presumptions favor its validity." ' [Citations.]" (*Tos v. State of California* (2021) 72 Cal.App.5th 184, 195.)  To prevail, the challenger must show that the statute "inevitably poses a present total and fatal conflict with the Constitution" or "is unconstitutional in the . . . great majority of cases." (*Ivory Education Institute v. Department of Fish & Wildlife* (2018) 28 Cal.App.5th 975, 981.)  The constitutionality of a statute presents a question of law, which we review de novo.  (*Persky v. Bushey* (2018) 21 Cal.App.5th 810, 817.)

Where, as here, a statute is challenged on equal protection grounds, a court's inquiry is twofold.  It first must determine whether the " 'the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]  This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)  If such a showing is made, and no suspect class or fundamental rights are at issue, the court must determine whether there is any rational basis to support treating the two groups differently.  (*Sands, supra*, 70 Cal.App.5th at p. 202.)

The rational basis test "sets a very high bar." (*Sands, supra*, 70 Cal.App.5th at p. 204.)  To successfully challenge a statute as violating equal protection, the defendant must negate every conceivable basis for the differential treatment.  (*People v. Moore* (2021) 68 Cal.App.5th 856, 862.)  "[A] classification does not violate equal protection if there is any rational relationship between the disparity of treatment and some legitimate governmental purpose.  [Citation.]  'If a plausible basis exists for the disparity, "[e]qual protection analysis does not entitle the judiciary to second-guess the wisdom, fairness, or logic of the law." ' " (*Ibid*.)

7

"A legislative classification does not fail rational basis review because it is ' "imperfect" ' or ' "because it may be 'to some extent both underinclusive and overinclusive.' " ' [Citation.]" (*Sands, supra*, 70 Cal.App.5th at p. 205, quoting *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887.) A legislative classification is not irrational simply because some offenders may be sentenced to harsher sentences than others who are arguably less culpable. (*Sands*, at p. 205.)

Defendant argues that youthful Three Strike offenders are similarly situated to youthful offenders who were not sentenced under the Three Strikes law, including first degree murderers, and he argues there is no rational basis to deny a youth offender parole hearing to youthful Three Strike offenders while providing that benefit to "the worst [youthful] offenders." He relies on *People v. Edwards* (2019) 34 Cal.App.5th 183, which held that the statutory exclusion of youthful offenders sentenced under the One Strike law violates equal protection because there is no rational basis for punishing youthful One Strike offenders more harshly than youthful first degree murderers. (*Id.* at p. 199.)

Assuming we agree with defendant that youthful Three Strike offenders are similarly situated to youthful offenders not sentenced under the Three Strikes law, we nevertheless conclude defendant's equal protection challenge fails because the Legislature had a rational basis for the differential treatment. "The well-recognized purpose of the three strikes law is to provide increased punishment for current offenders who have previously committed violent or serious crimes and have therefore not been rehabilitated or deterred from further criminal activity as a result of their prior imprisonment. [Citation.]" (*People v. Leng* (1999) 71 Cal.App.4th 1, 14.) The Legislature rationally could determine that a youthful offender with a criminal history of prior strikes should be punished more severely than one who does not. (*Id.* at p. 12; *People v. Cooper* (1996) 43 Cal.App.4th 815, 828-830.)

In *People v. Wilkes* (2020) 46 Cal.App.5th 1159 (*Wilkes*), Division Five of the First Appellate District rejected an equal protection challenge to section 3051's

8

differential treatment of Three Strike offenders. (*Id*. at pp. 1164-1167.) The court found no constitutional violation because the Legislature could rationally determine that " 'a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system' [citation] presents too great a risk of recidivism to allow the possibility of early parole." (*Id.* at p. 1166.)

The reasoning in *Wilkes* has been followed by other appellate courts. (*Delgado, supra*, 78 Cal.App.5th at p. 102; *People v. Moore, supra*, 68 Cal.App.5th at pp. 863-864.) We agree with the reasoning of these cases and hold that equal protection does not prohibit the Legislature from excluding youthful offenders sentenced under the Three Strikes law from the benefits of section 3051.

Defendant's reliance on *People v. Edwards, supra*, 34 Cal.App.5th 183 is misplaced. There, the court considered an equal protection challenge to the exclusion of youthful offenders sentenced under the One Strike law, " 'an alternative, harsher sentencing scheme that applies to specified felony sex offenses.' " (*Wilkes, supra*, 46 Cal.App.5th at p. 1166, quoting *Edwards*.) Thus, the court was comparing one group of first-time offenders to another. (*Delgado, supra*, 78 Cal.App.5th at p. 102.) As *Wilkes* explained, "[t]he distinguishing characteristic of Three Strike offenders . . . is that they are not being sentenced for a first-time offense. Thus, the ample authority rejecting equal protection challenges from Three Strikes offenders did not apply in *Edwards*. Indeed, *Edwards* itself took pains to 'note that criminal history plays no role in defining a One Strike crime' and that '[t]he problem in this case is' the categorical exclusion of 'an entire class of youthful offenders convicted of a crime short of homicide . . . , *regardless of criminal history* . . . .' " (*Wilkes*, at pp. 1166-1167.)

We acknowledge defendant's point that section 3051 is intended to benefit youthful offenders who committed crimes before outgrowing the impetuosity of youth. But the Legislature still rationally could determine that Three Strike offenders, including those who commit offenses during their youth, present too great a risk of committing

9

more violent or serious crimes to allow the possibility of early parole, especially where, as here, the "controlling offense" was committed after the age of majority. (*Wilkes, supra*, 46 Cal.App.5th at p. 1166.)

For these reasons, we conclude the differential treatment of youthful offenders sentenced under the Three Strikes law does not violate equal protection.

## III

### *Section 4801, Subdivision (c)*

Defendant contends that even if he is ineligible for an expedited parole hearing under section 3051, he nevertheless is entitled to a *Franklin* proceeding under the standard rules applicable to all parole hearings. We agree.

In conjunction with the enactment of section 3051, Senate Bill 260 added section 4801, subdivision (c). (Stats. 2013, ch. 312, § 5.) That subdivision now provides: "When a prisoner committed his or her controlling offense . . . when he or she was 25 years of age or younger, the [parole] board, in reviewing a prisoner's suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

In *In re Brownlee* (2020) 50 Cal.App.5th 720, the Fifth Appellate District considered whether the parole board's duty to give " 'great weight' " to youth-related evidence is limited to youth offender parole hearings under section 3051. The court held that section 4801, subdivision (c) is not so limited. Rather, "it applies to all parole hearings." (*Id.* at p. 725.) Thus, even if a prisoner is not eligible for an expedited youth offender parole hearing, the parole board still must give " 'great weight' " to the youth-related factors at the prisoner's future parole hearing. (*Id.* at pp. 724-726.) The *Brownlee* decision has been followed by other appellate courts (*Delgado, supra*, 78 Cal.App.5th at p. 103; *People v. Howard* (2021) 74 Cal.App.5th 141, 147), and we see no reason to

10

depart from it here. It follows, as a logical extension of *Franklin*, that a youthful offender who is eligible for release on parole must be given an opportunity to create a record of the kinds of information that section 4801, subdivision (c) deems relevant for the future parole hearing. (*Delgado*, at pp. 103-104; *Cook, supra*, 7 Cal.5th at pp. 458-459; *Franklin, supra*, 63 Cal.4th at pp. 285-286.)

On our own motion, we notified the parties that we were contemplating taking judicial notice of the fact that the Department of Corrections and Rehabilitation's inmate locator Web site indicates defendant has a parole suitability hearing set for July of 2032 under the Elderly Parole Program. (<https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=H14833> [as of Feb. 1, 2023], archived at <https://perma.cc/TXX3-64JW> and https://www.cdcr.ca.gov/bph/elderly-parole-hearings-overview/> [as of Feb. 1, 2023], archived at <https://perma.cc/55N2-SSYP>.) We invited the parties to submit letter briefs relevant to the propriety of our taking judicial notice of this fact as well as any impact it may have on the legal issues raised in this case. Both sides responded and agreed that judicial notice was proper, and that the information is relevant because it demonstrates there is a reasonable likelihood defendant will receive a parole suitability hearing within his lifetime. Thus, we shall take judicial notice of defendant's scheduled parole suitability hearing date. (See *Benzler, supra*, 72 Cal.App.5th at p. 750, fn. 3; *People v. Seumanu* (2015) 61 Cal.4th 1293, 1372-1373; Evid. Code, §§ 452, subd. (h), 459, subd. (a).)

Because defendant was a youthful offender who is technically eligible to be considered for future release on parole, and there is a reasonable likelihood that defendant will receive a parole suitability hearing within his lifetime, the Attorney General concedes that a limited remand for a *Franklin* proceeding is justified. We accept the concession. We shall order a limited remand in this case to give defendant the opportunity to make a record of youth-related evidence so that the parole board may, in the future, properly discharge its obligation under section 4801, subdivision (c).

We note that, on remand, "the manner and extent of a *Franklin* hearing is left to the discretion of the trial court." (*Benzler, supra*, 72 Cal.App.5th at p. 749; see *People v. Howard, supra*, 74 Cal.App.5th at p. 153.) The trial court may " 'exercise its discretion to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations.' [Citation.] The court may, for example, require an offer of proof regarding the evidence the offender seeks to present, so that it can determine whether such evidence is relevant to youth-related factors and meaningfully adds to the already available record. It may also determine whether testimony is 'appropriate' [citation], or if other types of evidentiary submissions will suffice." (*Cook, supra*, 7 Cal.5th at p. 459.)

## DISPOSITION

The order denying defendant's motion seeking a *Franklin* proceeding is reversed and the matter remanded for further proceedings consistent with this opinion.


    KRAUSE    , J.


We concur:


    HULL    , Acting P. J.


    DUARTE    , J.